# MEMO ENDORSED



**Hogan Lovells**

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T +1 212 918 3000
F +1 212 918 3100
www.hoganlovells.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___7/6/2020___

July 2, 2020

**VIA ECF**

Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007
CaproniNYSDChambers@nysd.uscourts.gov

Re:     *George Moundreas & Co SA v. Jinhai Intelligent Manufacturing Co Ltd f/k/a Jinhai Heavy Industry Co Ltd, et al.*, **Index No. 20-cv-2626 (VEC)**

Dear Judge Caproni:

We represent the Respondents HNA Group Co., Ltd. a/k/a Hainan Group HNA, LLC, Hainan Airlines Holdings Co., Ltd. and Grand China Logistics Holding (Group) Co. Ltd. (collectively, the "Respondents") in connection with the above-referenced litigation, and in response to the letter-motion of Michael G. Chalos, dated June 24, 2020 (the "Letter-Motion") and the Amended Petition to Confirm Foreign Arbitration Award, filed June 30, 2020, by George Moundreas & Co SA ("Moundreas").

The Respondents' reply memorandum of law and declaration (collectively, the "Reply") were properly filed in accordance with the Local Rules of the U.S. District Court for the Southern District of New York (the "Local Rules") and Your Honor's Individual Practices in Civil Cases (the "Individual Practices"). Regardless, by filing the Amended Petition, it appears that Moundreas has taken the position that the pending motion to dismiss (and by extension the Letter-Motion) is moot (this is so pursuant to Your Honor's Individual Practices Rule 4.E.i – although we would have expected Moundreas to file the Amended Petition prior to opposing Respondents' motion to dismiss and filing a motion to strike). Respondents will respond to the Amended Petition in accordance with Rule 4.E.i. of the Individual Practices.

If it is not the case that Respondents' pending motion to dismiss is mooted by the filing of the Amended Petition, Respondents note that under this Court's Local Rules, Respondents were entitled to submit a reply in support of their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and (b)(3) (Dkt. 47) (the "Motion"). Local Rule 6.1(b) sets forth the default rules for the filing of motion papers and permits a party moving to dismiss a petition pursuant to Fed. R. Civ. P. 12(b) to file "any reply affidavits and memoranda of law . . . within seven days after service of [any opposition] papers." The Court's May 27, 2020 Order did not modify this rule

The Hon. Valerie E. Caproni                    - 2 -                    July 2, 2020

and Individual Practices Rule 4.E.ii confirms that Local Rule 6.1(b) applies here.  On June 17, Moundreas chose to respond to Respondents' motion to dismiss.  As such, Respondents prepared and timely filed the Reply in accordance with Rule 4.E.ii and Local Rule 6.1(b).  There is no basis to strike the Reply.[1]

Nor should the Court permit Moundreas to submit a sur-reply.  The Letter-Motion takes issue with and seeks to respond to only one argument raised by Respondents in their Reply, namely that Moundreas' memorandum of law in opposition to Respondents' motion to dismiss (the "Opposition") improperly includes factual allegations that were not alleged in the Petition and should therefore be disregarded by the Court.  Letter-Motion at 2 (citing Dkt. 56 at 2-3).  This argument is not "new" as Moundreas claims, and properly responded to factual allegations and arguments identified by Moundreas in its Opposition.  *Id*. at 1; *Zirogiannis v. Seterus, Inc.*, 221 F. Supp. 3d 292, 298 (E.D.N.Y. 2016), aff'd, 707 F. App'x 724 (2d Cir. 2017) ("'[R]eply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party.'") (quoting *Bravia Capital Partners, Inc. v. Fike*, 296 F.R.D. 136, 144 (S.D.N.Y. 2013)).

Thank you for Your Honor's attention to this matter.  Counsel is available should the Court want to discuss any of these issues telephonically or by videoconference.

Respectfully submitted,

By:      /s/ *Phoebe A. Wilkinson*
          Phoebe A. Wilkinson

cc:      All counsel of record (via ECF)

Because Petitioner filed an Amended Petition (Dkt. 59) within 21 days of Respondents' Motion to Dismiss (Dkt. 47), the Motion to Dismiss is denied as moot, *see* Fed. R. Civ. P. 15(a)(1)(B). Respondents' response to the Amended Petition is due no later than **July 16, 2020**.  If Respondents intend to move to dismiss, the parties must meet and confer and jointly propose a briefing schedule to the Court not later than **July 13, 2020**.

SO ORDERED.

7/6/2020

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

---

[1] Furthermore, the Letter-Motion violates Rules 2.A and 4.A of the Individual Practices, as Moundreas did not contact Respondents about the Letter-Motion, and did not "coordinate a teleconference with Chambers to discuss the proposed motion." Rule 4.A.